# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| APRIL R. TANTER,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-0752-19-0755-I-1 |
| 　　　　v. | |
| DEPARTMENT OF THE INTERIOR,<br>　　　　　Agency. | DATE: February 28, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

April R. Tanter, Greenbelt, Maryland, pro se.

William Hughes, Esquire, Boston, Massachusetts, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which sustained the agency action removing her from Federal service. For the reasons

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2        The appellant was employed by the agency as an Administrative Support Assistant in Washington, D.C.  Initial Appeal File (IAF), Tab 4 at 11.  Effective July 25, 2019, the agency removed her from Federal service based on the charge of excessive absence.  *Id*. at 11-15.  The appellant timely filed an appeal with the Board, challenging the removal action and arguing that her removal was the result of discrimination based on her race, gender, and disability.  IAF, Tab 1 at 4.  She also argued that the agency failed to accommodate her disability.  *Id*.

¶3        On April 2, 2020, after holding the requested hearing, IAF, Tab 1 at 3, Tab 15, Hearing Recording (HR), the administrative judge issued an initial decision, finding that the agency proved its charge, that the penalty of removal promoted the efficiency of the service and was reasonable, and that the appellant failed to establish her affirmative defenses, IAF, Tab 16, Initial Decision (ID) at 5-11.  Accordingly, he affirmed the removal action.  ID at 11.  The administrative judge informed the appellant that the initial decision would become final on May 7, 2020, unless a petition for review was filed by that date. *Id*.

¶4        On June 13, 2020, the appellant filed a petition for review again disputing the charge and reasserting her affirmative defenses.  Petition for Review (PFR) File, Tab 1.[2]  In an acknowledgment letter, the Office of the Clerk of the Board

---

[2] The Board's Washington Regional Office received the appellant's petition for review on June 15, 2020, and promptly forwarded it to the Office of the Clerk of the Board. PFR File, Tab 1 at 1.  For purposes of timeliness, when an appellant erroneously files a petition for review with a regional office instead of with the Office of the Clerk of the Board, the Board considers the date of filing with the regional office to determine whether the petition for review was timely filed.  *See Ryan v. Office of Personnel Management*, 49 M.S.P.R. 126, 128 (1991).  Here, the pleading filed with the Washington Regional Office was postmarked on June 13, 2020.  PFR File, Tab 1 at 2. Under 5 C.F.R. § 1201.4(*l*), the "date of filing by mail is determined by the postmark

informed the appellant that her petition for review was untimely filed because it was not postmarked or received by the Board on or before May 7, 2020. PFR File, Tab 2 at 1. It explained that the Board's regulations require that a petition for review that appears to be untimely filed be accompanied by a motion to accept the filing as timely or to waive the time limit for good cause. *Id*. at 1-2. It further provided the appellant with information on how to file such a motion and provided a blank motion form for her to complete. *Id*. at 2, 7-8. The motion form explained how to show good cause based on an illness. *Id*. at 7 n.1.

¶5        In response, the appellant filed a motion to accept her filing as timely or to ask the Board to waive the time limit for good cause. IAF, Tab 3. In the motion, as well as in her petition for review initially explaining her delay, the appellant claims that she had been experiencing emotional distress due to a prior assault that resulted in post-traumatic stress disorder (PTSD), that she was hospitalized between April 22 and April 25, 2020, and that she could not visit her public library during the COVID-19 pandemic to use a computer, printer, and scanner to file her appeal because she is an "at-risk patient." IAF, Tab 1, Tab 3 at 1. She also submits with her motion a document from her hospital showing that she was seen there on April 22, 2020, for acute pancreatitis, an appointment confirmation document from Howard University for a June 24, 2020 medical appointment, and a general document from a home health care establishment unaddressed to any particular patient regarding basic home care considerations. PFR File, Tab 3 at 3-5. The agency has not filed a response to the appellant's petition for review on the merits or to her motion to accept her filing as timely or to waive the time limit for good cause.

---

date." Accordingly, we have treated the date of filing for the appellant's petition for review as June 13, 2020. PFR File, Tab 1 at 2; *see Ryan*, 49 M.S.P.R. at 128; *see also* 5 C.F.R. § 1201.4(*l*).

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant's petition for review is untimely filed without good cause shown.</u>

¶6        The Board's regulations provide that a petition for review must be filed within 35 days after the date of the issuance of the initial decision, or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. *See* 5 C.F.R. § 1201.114(e); *see also Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014). Here, the initial decision was issued on April 2, 2020. ID at 1. Thus, as the administrative judge correctly informed the appellant, she was required to file any petition for review no later than May 7, 2020. ID at 11. The appellant's petition for review of the initial decision was filed on June 13, 2020. PFR File, Tab 1. As such, we find that the petition for review is untimely filed by 37 days.

¶7        The Board may waive its timeliness regulations only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.12, 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 594, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8        Although the appellant is proceeding pro se, we find that her 37-day delay in filing is significant.  *See, e.g.*, *Crook v. U.S. Postal Service*, [108 M.S.P.R. 553](), ¶ 6 (2008) (stating that a 1-month delay in filing is significant), *aff'd*, 301 F. App'x. 982 (Fed. Cir. 2008).  Additionally, in examining the reasonableness of the appellant's excuses, we have considered her claims of PTSD-related illness and inability to get to a public library due to the COVID-19 pandemic, but, as explained below, we are not persuaded that she has shown good cause based on those excuses, nor has she shown that she exercised due diligence or ordinary prudence in filing a petition for review under the circumstances of this case.

¶9        As explained above, the appellant asserts on review that she suffers from PTSD.  PFR File, Tab 1, Tab 3 at 1.  She further claims that her February 2020 hearing before the Board had caused "unwanted thoughts" and nightmares, that she was admitted to the hospital between April 22 through April 25, 2020, and that, thereafter, she was receiving "home health care."  PFR File, Tab 1, Tab 3 at 1.  In the blank motion form the Office of the Clerk of the Board included for the appellant in its acknowledgement letter, the appellant was informed that, in order to establish good cause for an untimely filing due to illness, she must:  (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time.  PFR File, Tab 2 at 7 n.1; *see Lacy v. Department of the Navy*, [78 M.S.P.R. 434](), 437 (1998).

¶10       Here, although the appellant explains that she suffers from PTSD, an assertion that is generally supported by the record below and apparently undisputed insofar as it relates to the time period prior to the appellant's initial appeal, IAF, Tab 4 at 34-35; ID at 2, the documentation submitted on review shows that she was admitted to the hospital for acute pancreatitis—not for

symptoms related to her PTSD,[3] PFR File, Tab 3 at 3.  In any event, the appellant has not explained how her PTSD prevented her from timely filing her petition for review prior to her hospitalization or after her hospitalization, after which she still had more than a week left before the end of the filing period, or from filing it with less significant delay thereafter.  PFR File, Tabs 1, 3.  Nor has the appellant explained why she was unable to file a request for an extension of time to file a petition for review.  For example, she has not alleged or provided any evidence, medical or otherwise, demonstrating that she was unable to focus or sleep for the duration of the filing period based on her PTSD or that she exhibited other specific symptoms related to her PTSD that prevented her from timely filing. PFR File, Tabs 1, 3.  At most, the appellant merely alleges that she could not timely file or ask the Board for an extension because she had "been ill and dealing with rehabilitation after hospitalization while experiencing acute PTSD symptoms."  PFR File, Tab 3 at 2.  Accordingly, although we are sympathetic to the appellant's medical condition, we find that she has failed to meet the standards set forth in *Lacy* to establish good cause based on illness.  *See, e.g.*, *Stribling v. Department of Education*, [107 M.S.P.R. 166](link), ¶¶ 10-11 (2007) (finding that an appellant failed to establish good cause for an untimely filing despite her assertion that she suffered from anxiety and depression because she did not present any evidence that specifically addressed her condition during the relevant time period, even though other evidence showed that she suffered from symptoms prior to the filing period, and because she failed to explain how her medical conditions prevented her from making a timely filing or requesting an extension).

---

[3] Because the appellant's PTSD was relevant to the agency's underlying charge of excessive absence, it was sufficiently considered and litigated below.  IAF, Tab 4 at 34-35; HR (testimony of the appellant).  The record shows that the appellant's physician determined that her symptoms were "not predictable."  IAF, Tab 4 at 34. However, the appellant is required to show, among other things, that she suffered from the symptoms of her illness during the time period relevant to filing a timely petition for review in order to establish good cause for her delay.  *See Lacy*, 78 M.S.P.R. at 437. She has not done so.

¶11     The appellant also argues on review that, due to the COVID-19 pandemic, she was unable to go to the public library to use the computer, printer, or scanner because she is an "at-risk patient." PFR File, Tab 1 at 1. We acknowledge that the appellant appears to live in Greenbelt, Maryland, and that, during the early months of the pandemic, including in April and May of 2020, it is possible that public facilities such as libraries were closed to the public in Maryland. However, the appellant has not explained why she was unable to pursue a timely filing by other avenues. PFR File, Tabs 1, 3. For example, she has not explained why she was unable to submit a handwritten petition for review or request for an extension.[4] PFR File, Tabs 1, 3. Although we are sensitive to the challenges presented by the COVID-19 pandemic, we find that the appellant has failed to show that she took any measures or exercised due diligence, as required, to effect a timely filing.

¶12     In sum, considering the appellant's substantial 37-day delay in filing her petition for review, her failure to sufficiently substantiate her claim that health issues prevented her from submitting a timely filing, and her failure to exercise due diligence either in light of her health issues or the COVID-10 pandemic, we find that the appellant has failed to establish good cause for her untimely filing. Therefore, we dismiss her petition for review as untimely filed without good cause shown. *See, e.g.*, *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 7 (2010) (dismissing a petition for review as untimely filed without good cause shown for the delay in filing).

¶13     This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision regarding the merits of this appeal.

---

[4] The appellant's response to the Office of the Clerk of the Board's notice regarding the timeliness of the petition for review is handwritten. PFR File, Tab 3 at 1-2.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for

                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.